■ In the Matter of the Claim of Josephine Shefick, Respondent, against Samuel J. Lefrak et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by the employer-carrier from a decision of the board

which found accidental injuries in a heart case resulting in death arose out of and in the course of the employment of the decedent. The decedent for two years prior to his death was superintendent of a 62-family apartment house. He had a multitude of duties ranging from the care and operation of a garage to the over-all supervision of the apartment house and collecting and depositing rents. When he first started work he had an assistant and thereafter for some time had a helper two or three days a week. For five or six months prior to his death on May 5 he had no help albeit he had requested it. Ironically, a helper arrived on the morning of his demise. During the time he was without help it was necessary to arise at 5 o'clock in the morning to care for the boiler before commencing his many other duties. The day before his death being Friday, he had, as was his custom, cleaned and waxed the various floors in the building. On many occasions during this period he complained to his wife of pain in his shoulders, arms and chest. Two doctors testified for the claimant. They had not treated decedent during his lifetime but answered a hypothetical question to which there was no valid objection and stated the work activities on May 4, the day before his death, were a precipitating factor in causing death and directly related thereto. While there was no autopsy, one of the doctors stated there was a fresh heart injury or pathology. The carrier's medics stated there was no precipitation or relationship although one of them qualified his statement as follows: "If the pains had their onset in association with any particular activity, it is conceivable that that particular activity created the pain; in the light of the underlying disease, of course." The board first determined the work over a period of months was more than normal and thereafter added a supplemental finding reaffirming its original determination and further stating: "That on the day before the death deceased's work was sufficiently strenuous to require more than normal exertion and entailed exertion greater than the ordinary wear and tear of life." At the time of this decision (Jan. 23, 1958) *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506) had not been decided by the Court of Appeals. There it was found and determined — heart case — that chest pains over a period of several months, combined with unusual activity was compensable. The rule there enunciated is applicable to the present facts. There is sufficient fulcrum in the record to sustain the supplemental finding of the board of unusual exertion on the day preceding his death. Decision and award unanimously affirmed, with costs to Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.